**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: ROBERT PHILLIP GARCIA;
ELIZABETH PAULINE GARCIA,

Debtors.

-------------------------------------------

CARL B. DAVIS, Chapter 13 Trustee,

Petitioner-Appellant,

v.

TYSON PREPARED FOODS, INC.,

Respondent-Appellee.

No. 17-3247
(D.C. No. 6:17-CV-01207-JTM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **HOLMES**, and **PHILLIPS**, Circuit Judges.

In this appeal from the bankruptcy court, Carl Davis, a Chapter 13 Trustee,

asks us to hold that the so-called "automatic stay" contained within 11 U.S.C.

§ 362(a) encompasses not only affirmative conduct against the property of the

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

bankruptcy estate, but also any liens that may nonetheless arise in the absence of affirmative conduct. According to the Trustee, Tyson Prepared Foods's lien—which arose in the aftermath of post-petition worker-compensation payments to the debtor—violates the automatic stay.

In an adversary proceeding initiated by the Trustee, the bankruptcy court relied on our decision in *WD Equip., LLC v. Cowen (In re: Cowen)*, 849 F.3d 943 (10th Cir. 2017), to conclude that Tyson's subrogation lien was both valid and enforceable. In *Cowen*, we held the meaning of "act" for the purposes of 11 U.S.C. § 362(a)(3) is limited to affirmative conduct. *Id.* On appeal, both parties concede that *Cowen* controls the outcome of this case. But the Trustee nonetheless asks this panel to reconsider *Cowen*, or—at a minimum—to call its reasoning into question.

Absent *en banc* review or intervening Supreme Court precedent, it is well-settled that one panel of the Tenth Circuit cannot overturn the work of another. *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000) ("The precedent of prior panels which this court must follow includes not only the very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law."). Since the Trustee argues only that *Cowen* was wrongly decided, this principle marks both the beginning and the end of our inquiry.

In *Cowen*, we construed the same statutory term—albeit for the purposes of 11 U.S.C. § 362(a)(3), rather than § 362(a)(4)—to encompass only affirmative conduct. 849 F.3d at 948.[1] Both parties concede that the same term must be construed in the same way within the same statute, in keeping with well-recognized rules for statutory interpretation. *Cf.* A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts*, 170–74 (2012) (on the "Presumption of Consistent Usage").

Accordingly, when construing the text of § 362(a)(4) at issue in this case—which proscribes "any act to create, perfect, or enforce any lien"—we, too, must read the statutory term "act" to encompass only affirmative conduct on the part of the lienholder. As it is undisputed that Tyson's subrogation lien arose solely by operation of law, the logic and the holding of *Cowen* compel our conclusion that the lien is valid and enforceable, and that no violation of the automatic stay has occurred.[2]

---

[1] The common statutory language that stands at the center of both this case and *Cowen* appears frequently throughout § 362(a) as operative language for establishing the boundaries of the automatic stay. *See* 11 U.S.C. § 362(a)(3)-(a)(6) ("any act . . ."). The statutory provision at issue in *Cowen* reads "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The statutory provision at issue here reads "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4).

[2] In the event this panel were so inclined to revisit *Cowen*, Tyson maintains several alternative grounds for distinguishing this case. At oral

(continued...)

The judgment of the bankruptcy court is accordingly AFFIRMED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge

---

[2](...continued)
argument, counsel emphasized that—unlike in other cases that address this issue—the underlying financial transactions here took place *post*- rather than pre-petition, such that Tyson's payments to the debtor had the effect of benefitting the bankruptcy estate. In briefing, Tyson likewise contends that 11 U.S.C. § 362(a) is not applicable to the facts of this case because § 362(a) stays only the acts of "entities," rather than claims arising solely by operation of law. We need not reach these questions since *Cowen* controls regardless.